# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>RODNEY ALLAN KING,<br><br>  Defendant. | **No. CR05-4016-DEO**<br><br>**ORDER** |

This matter is before the Court pursuant to the defendant's motion to reduce sentence under 18 U.S.C. § 3582(c)(2) (Docket No. 106). The defendant filed such motion on July 18, 2008. In his motion, the defendant contends a reduction is warranted because penalties for controlled substance offenses are too harsh.

In relevant part, 18 U.S.C. § 3582(c) provides:

> The court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2); see also United States v. Auman, 8 F.3d 1268, 1271 (8th Cir. 1993) ("Section 3582(c)(2) is a provision that permits a district court to reduce a term of imprisonment if the sentencing range upon which the term was based is subsequently lowered by the Sentencing Commission."). Additionally, USSG §1B1.10 states:

> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

USSG §1B1.10(a)(1); see also USSG §1B1.10, comment. (n.1) ("Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range."). The amendments were made strictly to give relief to defendants that had been sentenced for crack cocaine as compared to those sentenced for powder cocaine.[1] Neither Amendment 706 nor Amendment 715

---

[1] According to the U.S. Sentencing Commission, the purpose of the amendment was to remedy "some of the problems associated with the 100-to-1 [crack-to-powder cocaine] drug quantity ratio." U.S.S.C., Cocaine and Federal Sentencing Policy 9-10 (May 2007). The amendment benefits only
(continued…)

2

apply to the defendant because his convictions pertained to the distribution of methamphetamine, not cocaine base ("crack").[2]

Accordingly, the Court concludes that a reduction under 18 U.S.C. § 3582(c)(2) and USSG §1B1.10 can not be granted.

**IT IS THEREFORE HEREBY ORDERED** that defendant's motion to reduce sentence under 18 U.S.C. § 3582(c)(2) (Docket No. 106) is **denied**.

**IT IS SO ORDERED** this 16th day of January, 2009.

                                /s/ Donald E. O'Brien
                                Donald E. O'Brien, Senior Judge
                                United States District Court
                                Northern District of Iowa

---

[1](...continued)
defendants convicted for offenses involving crack cocaine who meet certain conditions. See United States v. Ortiz, 551 F. Supp. 2d 202, 204-206 (S.D.N.Y. 2008) (explaining recent amendments to crack cocaine sentencing guidelines).

[2]On October 19, 2005, defendant King entered a guilty plea to count(s): (1) (a lesser included offense), 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vii), 851, & 860(a); and (2) 21 U.S.C. §§ 841 (a)(1), (b)(1)(B)(vii), 851 & 860(a) of the Second Superseding Indictment (Docket No. 26). (See Minutes at Docket No. 83, and Judgment at Docket No. 90).